```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

DENZEL ALLEN,                          :

                Petitioner,            :          MEMORANDUM DECISION

        - against -                    :
                                                  04 Civ. 9676 (DC)
CALVIN WEST, Superintendent of         :
Elmira Correctional Facility,
                                       :
                Respondent.
                                       :
- - - - - - - - - - - - - - - - - -x


APPEARANCES:          MR. DENZEL ALLEN
                      Petitioner Pro Se
                      247 W. 139th Street
                      New York, NY  10030

                      ROBERT T. JOHNSON, Esq.
                      District Attorney, Bronx County
                      Attorney for Respondent
                         By:  William K. Clark, Esq.
                              Assistant District Attorney
                      198 East 161st Street
                      Bronx, NY  10451
```

**CHIN, D.J.**

On February 10, 2005, this Court ordered that petitioner Denzel Allen show cause on or before March 11, 2005, why his petition for a writ of habeas corpus should not be dismissed as moot. By memorandum endorsement on March 9, 2005, Allen's time to respond was extended to April 4, 2005. On March 28, 2005, Allen timely filed a response to the February 10, 2005 Order. For the reasons set forth below, I hold that Allen does not satisfy the requirement of 28 U.S.C. § 2254 that he must be "in custody" in violation of federal law to be eligible to seek habeas relief. Consequently, the writ of habeas corpus is denied and the petition is dismissed.

In his petition, Allen challenges an April 14, 2000 conviction in Bronx County (the "Bronx Conviction") for which he was sentenced to six months imprisonment with credit for time served and ordered to pay a mandatory surcharge and a victims' services fee.  On December 9, 2004, when Allen filed this petition, he was in custody for a separate conviction in Queens County (the "Queens Conviction").[1]  The central question here is whether Allen was in custody pursuant to the Bronx Conviction when he filed the petition on December 9, 2004.  I find that he was not "in custody" within the meaning of 28 U.S.C. § 2254.

First, Allen was not physically confined as a result of the Bronx Conviction when the petition was filed.  Allen was arrested in the matter on June 24, 1999 and, after pleading guilty to two of the crimes charged, he was sentenced in the New York Supreme Court on April 14, 2000.  At the sentencing, the state court denied Allen's motion to withdraw his guilty plea. The state court sentenced Allen to imprisonment for a period of six months with credit for time served and imposed a mandatory surcharge of $150 plus a $5 victims' services fee.  Although it is not clear how much time Allen had served at the time of the sentencing, it is clear that at the time the instant petition was filed on December 9, 2004, Allen had completed serving his sentence for the Bronx Conviction.  The sentencing transcript also makes clear that Allen did not receive any supervision beyond the sentence, even though the state court had originally

---

[1] Allen was subsequently released after the Queens Conviction was reversed on appeal.

contemplated a period of "intensive probation supervision." (Sentencing Tr. 2, 4-5; Pet'r N.Y. App. Div. Appeal Br. at 4).

Allen argues that he was incarcerated pursuant to the Queens Conviction on the date the petition was filed, but that fact is not relevant to the instant petition. (See Pet'r Reply of 3/28/05, at 5). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citation omitted).

Second, even though courts have found that physical confinement is not necessary for a petitioner to be "in custody," and that the phrase "in custody" includes restraints such as parole, Allen does not meet the requirements of this broader definition. In Jones v. Cunningham, the Supreme Court found that a petitioner released on parole was "in custody" because parole "imposes conditions which significantly confine and constrain [a petitioner's] freedom." 371 U.S. 236, 243 (1963). Likewise, the Court subsequently found that a petitioner released on his own recognizance pending execution of a sentence was "in custody" because he was, inter alia, subject to constraints not shared by the public generally and remained at large only as the result of a stay initially entered by the state court. Hensley v. Municipal Court, 411 U.S. 345, 351-53 (1973). In Hensley, the Court found that the petitioner's incarceration was not "a speculative possibility that depend[ed] on a number of contingencies over which he ha[d] no control." Id. at 351-52.

Here, Allen was sentenced to time served without any further period of supervision.  Nevertheless, Allen argues that he was "in custody" because (a) he suffers from collateral consequences of the Bronx Conviction and (b) he was, and still is, subject to a judgment for payment of a mandatory surcharge and crime victims' assistance fee.

Allen argues that he suffers from the following collateral consequences: as a convicted felon he is ineligible for certain jobs and professions and he cannot serve as an official of a labor union or as a juror, vote in any election held in New York, and be admitted into certain countries, and the Bronx Conviction could potentially be used to enhance sentencing in future proceedings.  None of the cases cited by Allen, nor any that this Court has found, holds that such collateral consequences of a conviction can constitute "custody" for habeas purposes.  In fact, the Supreme Court has stated that its caselaw implies that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492 (discussing Carafas v. LaVallee, 391 U.S. 234 (1968)) (holding that a petitioner does not "remain[] 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.").  Moreover, the collateral consequences Allen endures as a result of the Bronx

Conviction do not reach the level of constraint contemplated in cases such as <u>Jones</u> and <u>Hensley</u>.

Allen's argument also fails in respect to the judgment for a $150 surcharge and $5 crime victims' assistance fee imposed by the state court at his sentencing. Generally, a writ of habeas corpus cannot be invoked to challenge a conviction that resulted in a fine. <u>See, e.g.</u>, <u>Spring v. Caldwell</u>, 692 F.2d 994, 998 (5th Cir. 1982) (petitioner was not "in custody" where he had been sentenced to a fine and municipal court issued a warrant for his arrest to compel payment of the fine). Allen was sentenced to fees as well as time served, and he argues that under New York state law, his failure to pay the fees could result in imprisonment and limits his ability to leave the state. It is clear, however, that Allen is not under imminent threat of arrest or imprisonment, and any potential arrest or imprisonment as a result of his failure to satisfy the judgment is speculative. The state court has not issued an order for Allen's arrest or imprisonment. As a result, I find that Allen's failure to pay the $155 state court judgment does not render him "in custody" under § 2254.

To the extent that Allen wants to challenge the Bronx Conviction even though he is no longer in custody, he may do so in the state court that rendered the conviction through a petition for a writ of error coram nobis. The Second Circuit has not specifically ruled on the issue of whether a writ of error coram nobis can be used by a federal court to collaterally attack a state court judgment, but other circuits have held that a

defendant can only seek a writ of error coram nobis to vacate a state court conviction in state court. See Cruz v. New York, 03 Civ. 9815, 2004 U.S. Dist. LEXIS 12501, *9-10 (S.D.N.Y. July 6, 2004). This Court has previously held that a petitioner cannot bring such a petition in federal court to challenge a state court conviction. Id. at *10.

On March 28, 2005, Allen also filed a motion pursuant to 28 U.S.C. § 2251 requesting a stay of enforcement of the state court judgment. The motion is denied, the writ of habeas corpus is denied, and the petition is dismissed.

SO ORDERED.

Dated: New York, New York
April 19, 2005

_____
DENNY CHIN
United States District Judge